**STATE ex Sheinkman v. MAPLE HTS. BD. OF HEALTH.**

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9065.   Decided Mar. 12, 1928

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**297.   CONTRACTS.**
Contract is discharged and terminated by breach.

**187a.   BUILDING PERMITS.**
Where owner of property has entered into contract, for plumbing of new building, and municipality has issued permit to such plumber for benefit of owner, termination of contract does not in any way affect, revoke or modify permit.

Error to Common Pleas.

Judgment affirmed.

P. J. Berry and A. Kollin, Cleveland, for State ex.

Locher, Green & Woods, Cleveland, for Bd. Health.

STATEMENT OF FACTS

This action is brought in mandamus from the Common Pleas Court by Michael Sheinkman, to compel the building inspector of the Village of Maple Heights to issue a permit to do certain plumbing on some lots owned by Sheinkman. In the court below the writ was refused and error is prosecuted here to that judgment.

It seems that Sheinkman owned at least two lots in question in the Village of Maple Heights and desired to build dwelling houses thereon, and he made a contract with a plumbing concern by the name of the Union Plumbing Company, which was a partnership of which Yelsky was a member, and a permit for the plumbing was issued to Yelsky for the building of this house, and he and the owner having got into some difficulty, the plumbing firm refused, I believe, to go forward with the work, because as is stated in court, they were not satisfied with the financial responsibility of the owner, whereupon the owner wrote a letter terminating the contract relations between them, and then the plumbing concern, I believe, refused to be discharged from the contract insisting that it remain in force, although they refused to go forward with their work. In that condition of things Sheinkman brings an action in the Common Pleas Court, as already stated, to compel the authorities to issue a permit, and they declined on the ground that they had already issued to Yelsky a permit which had never been returned or revoked, for the plumbing in this man's house.

VICKERY, J.

"A rather singular transaction can be discovered from this record. The permit was issued by the Village of Maple Heights for the plumbing, in accordance with the plumbing specifications for the erection of this house, and it was for the benefit of the owner of the house, and not for Mr. Yelsky, he being simply the plumber. Whatever right he had to get a permit on the premises owned by the plaintiff below and the plaintiff in error here, would be by virtue of a contract, and that was a contract whereby his firm was to do the plumbing in the houses erected upon these lots.

Now come all the difficulties arising between these parties. The owner of the property terminated this contract, let us say, wrongfully, by a breach. I think all the law books on contracts that I have ever seen, and I have seen practically everything that has been written on the law of contracts, is to the effect that a contract would be discharged by a breach thereof, and the other party to the contract cannot insist upon an actual doing of the work, except as in such contracts where specific performance is allowed where there is no adequate remedy at law. In all other cases a party can rightfully or wrongfully terminate a contract by the discharge of the other party and he is limited to his action for damages, and Mr. Yelsky cannot say that this contract had not been terminated by the other party and thus

be like a "dog in a manger," neither going forward himself with his contract, nor permitting the owner to get some one else to do it.

As already stated, this permit was given for the benefit of the owner and if he gets into a quarrel with his contractor and terminates the contract either rightfully or wrongfully, it does not necessarily mean he must get a new permit. It means he must get some one else who is a licensed plumber to complete the work, but that he can do it under the original permit, there can be no doubt. This is important because, if that is so, there has been a permit issued and the plaintiff would not have the right to have another permit issued. We think in this case that the contract relation between the Union Plumbing Company and the owner was terminated by the letter written by the owner to the plumbing contractor, but that did not in any way affect, revoke, or modify the permit that was issued for the plumbing because we suppose there were plans and specifications for the plumbing under which the permit was issued, and it was issued for the benefit of the owner and not the plumber.

Now that being so the plaintiff was not entitled to the relief asked for. If the Village refused, or interfered with him in any sort of a way, he had a complete remedy by way of an injunction against anybody interfering with him, and he could let his contract to another plumber, and go forward and complete his building in accordance with his plans and specifications for the buildings.

We, therefore, think that the judgment of the court below was right and that it must be affirmed.

Sullivan, PJ., concurs in judgment.
(Levine, J., not sitting.)